# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

BARBARA LAKKARD, Individually and on Behalf of All Others Similarly Situated,

    Plaintiff,

vs.

CENTRAL COLLECTION CORPORATION,

    Defendant.

Case No.: 17-cv-1070

**CLASS ACTION COMPLAINT**

**Jury Trial Demanded**

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Barbara Lakkard is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from Plaintiff a debt allegedly incurred for personal, family or household purposes, namely a medical debt.

5. Defendant Central Collection Corporation ("Central Collection") is a debt collection agency with its principal offices at 3055 N. Brookfield Road, Suite 31, Brookfield, Wisconsin 53045.

6. Central Collection is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. Central Collection is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. Central Collection is a debt collector as defined in 15 U.S.C. § 1692a.

## FACTS

8. Plaintiff obtained medical services from "Bell Ambulance Inc." ("Bell") in 2016.

9. On or about September 28, 2016, Central Collection mailed a debt collection letter to Plaintiff regarding an alleged debt, allegedly owed to Bell with an account number ending in 7430. A copy of this letter is attached to this complaint as Exhibit A.

10. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

11. Upon information and belief, Exhibit A is a form debt collection letter used by Central Collection to attempt to collect alleged debts.

12. Upon information and belief, Exhibit A is the first written communication that NCC sent to Plaintiff regarding the alleged debt to which Exhibit A refers.

13. Exhibit A contains the debt validation notice that the FDCPA requires to be included with the initial written communication to the consumer. 15 U.S.C. § 1692g.

14. Exhibit A states "Total Due: $1,503.64."

15. On or about November 15, 2016, Central Collection mailed a debt collection letter to Plaintiff regarding the same alleged debt, allegedly owed to Bell with an account number ending in 7430. A copy of this letter is attached to this complaint as Exhibit B.

16. Upon information and belief, Exhibit B is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

17. Upon information and belief, Exhibit B is a form debt collection letter used by State Collection to attempt to collect alleged debts.

18. Exhibit B states "Total Due: $1513.69."

19. On or about January 25, 2017, Central Collection mailed a debt collection letter to Plaintiff regarding the same alleged debt, allegedly owed to Bell with an account number ending in 7430. A copy of this letter is attached to this complaint as Exhibit C.

20. Upon information and belief, Exhibit C is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

21. Upon information and belief, Exhibit C is a form debt collection letter used by State Collection to attempt to collect alleged debts.

22. Exhibit A states "Total Due: $1528.29."

23. On or about March 13, 2017, Central Collection mailed a debt collection letter to Plaintiff regarding the same alleged debt, allegedly owed to Bell with an account number ending in 7430. A copy of this letter is attached to this complaint as Exhibit D.

24. Upon information and belief, Exhibit D is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

25. Upon information and belief, Exhibit D is a form debt collection letter used by State Collection to attempt to collect alleged debts.

26. <u>Exhibit D</u> states "Total Due: $1537.55."

27. <u>Exhibits A-D</u> refer to the same ambulance services. The different "Total Due" on each letter is not a consequence of any additional services that Bell supposedly provided.

28. <u>Exhibits A-D</u> do not include any explanation of why the "Total Due" is increasing.

29. When the amount of the debt varies day to day, the debt collector should avoid confusion by including explanatory language in the letter. *See Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872, 876 (7th Cir. 2000) ("As of the date of this letter, you owe $ [the exact amount due]. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the undersigned or call 1-800-[phone number]."); *see also Chuway v. Nat'l Action Fin. Servs.*, 362 F.3d 944, 949 (7th Cir. 2004); *Fields v. Wilber Law Firm, P.C.*, 383 F.3d 562, 565-66 (7th Cir. 2004)..

30. No such safe harbor language was used in <u>Exhibits A-D</u>.

31. The statements are material because the unsophisticated consumer may pay the amount listed on one of the debt collection letters, but the payment would not actually resolve the debt. The unsophisticated consumer would have no way of knowing if the debt was resolved because <u>Exhibits A-D</u> fail to explain what amount Credit Control is actually collecting.

32. Plaintiff was confused by <u>Exhibits A-D</u>.

33. The unsophisticated consumer would be confused by <u>Exhibits A-D</u>.

34. Plaintiff had to spend time and money investigating <u>Exhibits A-D</u>.

35. Plaintiff had to take time to obtain and meet with counsel, including traveling to counsel's office by car and its related expenses, including but not limited to the cost of gasoline and mileage, to advise Plaintiff on the consequences of Exhibits A-D.

36. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Bock v. Pressler & Pressler, LLP*, No. 11-7593, 2017 U.S. Dist. LEXIS 81058 *21 (D.N.J. May 25, 2017) ("through [s]ection 1692e of the FDCPA, Congress established 'an enforceable right to truthful information concerning' debt collection practices, a decision that 'was undoubtedly influenced by congressional awareness that the intentional provision of misinformation' related to such practices, 'contribute[s] to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy,'"); *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to

encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

37. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

38. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

39. 15 U.S.C. § 1692e(2)(a) specifically prohibits "The false representation of— the character, amount, or legal status of any debt.

40. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

41. 15 U.S.C. § 1692f generally prohibits "unfair or unconscionable means to collect or attempt to collect any debt."

## **COUNT I – FDCPA**

42. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

43. The Total Due in Exhibits A-D is confusing. The amount of the debt appears to vary day to day, but no *Miller* safe harbor language is provided to inform the unsophisticated consumer of that fact or how to obtain the correct amount owed.

6

44. The unsophisticated consumer would be confused as what the amount of the debt actually is.

45. Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(a), 1692e(10) and 1692f.

## CLASS ALLEGATIONS

46. Plaintiff defines the class as (a) all natural persons in the State of Wisconsin (b) who were sent collection letters by Defendant, (c) seeking to collect a debt for personal, family or household purposes, (d) in which the Total Due increases over time but no explanatory language is provided, (e) between August 2, 2016 and August 2, 2017, inclusive, (f) that was not returned by the postal service.

47. The Class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the Class.

48. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether Exhibits A-D violate the FDCPA.

49. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

50. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

51. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

52. Plaintiff hereby demands a trial by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: August 3, 2017

                                      **ADEMI & O'REILLY, LLP**

                            By:    /s/ John Blythin
                                    Shpetim Ademi (SBN 1026973)
                                    John D. Blythin (SBN 1046105)
                                    Mark A. Eldridge (SBN 1089944)
                                    3620 East Layton Avenue
                                    Cudahy, WI 53110
                                    (414) 482-8000
                                    (414) 482-8001 (fax)
                                    sademi@ademilaw.com
                                    jblythin@ademilaw.com
                                    meldridge@ademilaw.com